UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TROY WHITE,<br><br>　　Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　Respondents. | Case No. 2:21-cv-01800-GMN-VCF<br><br>**ORDER** |

In this habeas corpus action, the petitioner, Troy White, represented by appointed counsel, filed an amended habeas petition on May 31, 2022 (ECF No. 13). Respondents filed a motion to dismiss on September 28, 2022 (ECF No. 23), arguing that several of the claims in White's amended petition are either unexhausted or exhausted but procedurally defaulted. White then filed a motion for stay (ECF No. 25), stating that he has initiated a state habeas action—his second—to exhaust claims not previously presented in state court and requesting a stay pending completion of that state habeas action. The Court set a schedule for concurrent briefing of the motion to dismiss and motion for stay, with Respondents to respond to the motion for stay by December 9, 2022 (ECF No. 27). On December 10, 2022 (a day late), Respondents filed a motion for extension of time to respond to the motion for stay (ECF No. 28). The Court granted that motion and extended to December 23, 2022, the time for their response to the motion for stay (ECF No. 29).

　　Respondents did not respond to the motion for stay by the December 23 due date for their response. "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> *  *  *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277–78.

White asserts in his motion for stay, with respect to his claims of ineffective assistance of counsel in Claims 1(A), 1(B) and 1(C) of his amended petition, that there is good cause for his failure to previously exhaust those claims in state court on account of his state post-conviction counsel's failure to raise the claims and present evidence in state court in support of them (ECF No. 25 at 4). White asserts that those claims are not plainly meritless (*Id*. at 6–7). White also asserts that he has not engaged in intentionally dilatory litigation tactics. (*Id*. at 7). Respondents have not contested any of these assertions.

The Court will grant White's motion for stay and will stay this action pending completion of his state-court proceedings. The Court's intention is that this will be the last time that the Court imposes a stay to facilitate White's exhaustion of claims in state court. White must exhaust all his unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for a Stay and Abeyance (ECF No. 25) is **GRANTED**. This action is stayed. The stay will remain in effect while Petitioner exhausts, in state court, his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 23) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state-court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to administratively close this case.

DATED THIS __9__ day of _____January_____, 2023.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE